On March 12,1973 the court issued the following order:
This case comes before the court on plaintiff’s petition and defendant’s motion, filed December 14, 1972, to dismiss the same.
Plaintiff, a calendar year taxpayer, seeks a refund of its 1963 income tax on account of a loss carryback from 1966. The time for claiming refund of such tax on such ground expired the fifteenth day of March, 1970, by reason of INC of 1954 § 6511(d) (2) (A). It filed the claim for refund June 11, 1970, and on June 12, 1970, by letter requested the IBS to extend by agreement the period for assessment for the 1966 tax year. By IRC of 1954 § 6501(c) (4) such extension, to be effective, had to be agreed to by both the IBS and the taxpayer. The IBS rejected the request on June 16,1970, and on August 5,1970, it rejected the claim for refund of 1963 taxes.
A careful reading of the briefs reveals that defendant is not 100% certain (though it believes) that such a belated bilateral agreement would have been ineffective if entei’ed into by both sides on the day requested; however, plaintiff’s hopes depend on the refusal being held to be an *870 abuse of discretion, even if we should resolve other issues in its favor. Defendant assigns no reason for the refusal except that it did not choose to reassess plaintiff’s 1963 taxes, being satisfied with the assessments and collections as they were. However, plaintiff cites no authority that a refusal to accommodate a taxpayer with regard to such an extension of time for assessment is subject to judicial review, and the proposition that it is depends on plaintiff’s assertion, supported by irrelevant cases only. It would imply making a record for judges to review and thus would stultify the whole system of tax assessment, which can only work if summary decisions are the rule within the IRS, and due process is reserved to be accorded in the courts to those who satisfy jurisdictional requirements, with exceptions not here relevant. It is worth mentioning, however, that plaintiff does not show that it submitted to the IRS any reasons, good or bad, why the time should be extended, nor does it offer any here.
Plaintiff says its 1966 income tax return was a timely claim for refund of the 1963 tax. But, cf. Brigham v. United States, 200 Ct. Cl. 68, 470 F. 2d 571 (1972). Defendant cites regulation, § 301.6402-3 (b), by which a return is a claim for refund for the same taxable year for the amount of overpayment the return discloses. It points out a taxpayer can carryback a loss to any of three years or forward to any of five.
Plaintiff’s arguments opposing defendant’s motion are therefore rejected. Accordingly,
IT IS ORDERED that defendant’s motion to dismiss the petition be and the same is allowed and the petition is dismissed.
BY THE COURT
(Sgd) WlLSON CoWEN Chief Judge